Send

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR 06-890 FMC |
| ) | |
| Plaintiff(s), ) | CRIMINAL MOTION AND TRIAL |
| ) | ORDER |
| vs. ) | |
| ) | |
| CHAD CONRAD CASTAGANA, ) | |
| ) | |
| Defendant(s). ) | |

The above matter is set for trial before the Honorable Florence-Marie Cooper, Courtroom 750, Roybal Federal Building, 255 E. Temple Street, Los Angeles, California 90012.

**Motions:**

1.     Pre-trial motions shall be filed by February 25, 2007.  Opposition shall be filed by March 5, 2007.  Replies, if any, must be filed on or before the Friday preceding the Monday hearing.

2.     Hearing on motions and Status Conference are set for March 12, 2007, at 1:30 p.m.

3.     Trial is set for March 20, 2007, at 9:00 a.m. on the first day of trial.  Trial shall commence at 8:00 a.m. after the first day of trial.

4.      All papers shall be served personally or faxed to opposing counsel no later 4:30 p.m. on the day of filing, with conformed courtesy copies of all reply documents delivered to the drop box outside of the Court's chambers.

5.      Counsel are ORDERED to list their facsimile transmission numbers along with their address and telephone numbers on all papers submitted to the Court in order to facilitate communication by the Court.

**Discovery and Notice:**

6.      Counsel for the Government and counsel for the defendant shall comply promptly with discovery and notice matters pursuant to Fed.R.Crim.P. 12, 12.1, 12.2, 12.3, 15 and 16.

**Trial Preparation:**

7.      Counsel shall arrive at the Courtroom not later than 8:30 a.m. on the first day of trial.  Trial shall commence at 8:00 a.m. on subsequent days.

8.      Counsel for the Government shall present the Courtroom Deputy Clerk with the following documents:

a.      Three copies of the Government's witness list;

b.      Three copies of the Government's exhibit list in the form specified by Local Rule 8.5 (Civil);

c.      All of the Government's exhibits shall be delivered to the Clerk no later than 8:30 a.m. on the first day of trial.  The exhibits must have official exhibit tags and the tags must bear the same number as that on the exhibit list.  The Defendant's counsel need not deliver his/her exhibits to the Clerk on the first day of trial; however, the Defendant's counsel is responsible for affixing completed exhibit tags with the case name and case number to the exhibits to be used in the Defendant's case.  Exhibits shall be numbered 1, 2, 3, 4, etc.  If a blow-up is an enlargement of an existing exhibit, counsel shall designate it with the number of the original exhibit followed by an "A."  Counsel for the Government should be aware that the Court will order that exhibits such as firearms, narcotics, etc., remain in the custody of the agents during the pendency of the trial.  The agent will be required to sign the appropriate form to take custody of the exhibits.  It shall be the responsibility of the agents to produce the items for court, secure them at night, and guard them while in the

2

courtroom.  Exhibit tags are available at the filing window in the Clerk's Office, Room G-8 of the Spring Street Courthouse; and

        d.    A bench book containing a copy of all exhibits that can be reproduced shall be presented by the Government on the first day of trial.  Counsel for the Government shall mark each exhibit with tabs indicating the exhibit number.

        9.    If counsel needs to arrange for the installation of their own equipment, such as video monitors or overhead projectors, counsel shall notify the Courtroom Deputy Clerk no later than 4:30 p.m. two days before trial so that the necessary arrangement can be made.

        10.    After the initial day of trial, trial days are Tuesday through Friday from 8:00 a.m. to 1:30 p.m. with two fifteen-minute breaks, normally at 10:00 a.m. and 12:00 p.m.  On the first day of trial, the Court will commence at 9:00 a.m. and conclude at 4:00 p.m. with the standard lunch break.  Defense counsel shall provide the Court with a copy of the Defendant's exhibits as introduced.

        11.    Each afternoon, the Court will give counsel an opportunity to discuss administrative matters and anticipated procedural or legal problems.  The Court reserves the time from 1:30 p.m. to 2:00 p.m. to handle legal and administrative matters outside the presence of the jury.  Counsel is urged to anticipate matters which may need discussion outside the jury's presence and to raise them during this period.

**Jury Instructions and Verdict Forms:**

        12.    Jury instructions in the form described in paragraph 14 shall be submitted no later than the Wednesday of the week prior to trial.  Counsel need only submit proposed substantive instructions.  The Court will formulate general instructions based primarily on the format set out by the Committee on Model Jury Instructions for the Ninth Circuit, *Manual of Criminal Jury Instructions for the Ninth Circuit* (2003 edition).

        13.    The parties must submit joint jury instructions.  In order to produce the instructions, the parties shall meet and confer sufficiently in advance of the required

submission date with the goal of agreeing upon instructions and verdict forms. The jury instructions shall be submitted as follows: (1) joint jury instructions, i.e., those instructions to which all parties agree; and (2) disputed jury instructions, i.e., those instructions propounded by a party to which another party objects. The party objecting to the disputed instructions shall file its objections no later than the Friday before trial. The party must state the reasons for the objection, provide a proposed alternative instruction with supporting authority, and provide copies of all authorities. Each requested jury instruction shall be numbered and set forth in full on a separate page, citing the authority or source of the requested instruction except on the "jury copy" described below.

14. <u>Reference to the jury instructions in the *Manual of Model Jury Instructions for the Ninth Circuit* or the *California Book of Approved Jury Instructions Criminal* shall be by number only. The Court requests only a list of those numbered instructions which the Court has accessible on its computer. Do not provide written copies of those instructions.</u>

15. The Court prefers counsel to use the instructions from the Committee on Model Jury Instructions for the Ninth Circuit, *Manual of Model Criminal Jury Instructions for the Ninth Circuit* (2003 edition).

16. An index page shall accompany all jury instructions that are submitted to the Court. The index page shall indicate the following:

        a.    The number of the instruction;

        b.    A brief title of the instruction;

        c.    The source of the instruction; and

        d.    The page number of the instruction.

<u>Example:</u>

| <u>Number</u> | <u>Title</u> | <u>Source</u> | <u>Page Number</u> |
|---|---|---|---|
| 1 | Duty of Jury | 9th Cir. 1.01 | 1 |

4

17.     Counsel shall follow the procedure set forth in paragraph 14 in order to formulate a joint proposed verdict form.  Counsel shall submit the proposed verdict form with the proposed jury instructions.

18.     If counsel prepared the special jury instructions or the proposed verdict using WordPerfect 5.0, 5.1, 6.1 or 7.0, counsel shall provide to the Court a floppy disk containing the proposed instructions along with the hard copy.

**Instructions Governing Procedure During Trial:**

19.     Counsel shall not refer to their clients or witnesses by their first names during trial.

20.     Counsel shall not discuss the law or argue the case in opening statements.

21.     When objecting, counsel shall state only "objection" and the legal ground for the objection (e.g., hearsay, irrelevant, etc.).  Court permission is needed to argue an objection, and the argument must be outside of the hearing of the jury.

22.     The Court reserves the time from 1:30 to 2:00 p.m. to handle legal and administrative matters outside the presence of the jury.  The trial before the jury will commence promptly at 8:00 a.m.  Counsel are urged to anticipate matters which may need discussion or hearing outside of the presence of the jury and to raise them during this period.

23.     Counsel shall not approach the clerk or the witness box without the Court's permission.

24.     Counsel shall rise when addressing the Court.  In jury cases, counsel shall rise when the jury enters or leaves the courtroom.

25.     Counsel shall address all remarks to the Court.  Counsel shall not directly address the Courtroom Deputy Clerk, the Court Reporter, or opposing counsel.  Counsel must ask the Court for permission to talk off the record in order to speak with opposing counsel.  Counsel shall address all requests for the re-reading of questions or answers and all requests to have an exhibit placed in front of a witness to the Court.

26.     Counsel shall not make an offer of stipulation unless he/she has conferred

with opposing counsel and believes that the stipulation will be accepted. Any stipulation of fact will require the Defendant's personal concurrence and shall be submitted to the Court in writing for approval.

27. While Court is in session, counsel may not leave the counsel table to confer with investigators, secretaries, or witnesses in the back of the courtroom unless the Court grants permission to do so in advance.

28. When a party has more than one lawyer, only one of the lawyers may conduct the examination of a given witness and only that same lawyer may handle objections during the testimony of that witness.

29. If a witness was on the stand before a recess or adjournment, counsel shall have the witness back on the stand and ready to proceed when the Court resumes.

30. If you run out of witnesses and there is more than a brief delay, the Court may deem that you have rested.

31. The Court attempts to cooperate with doctors and other professional witnesses and will, except in extraordinary circumstances, accommodate them by permitting them to be examined out of sequence. Counsel should discuss this issue with opposing counsel. If there is an objection, confer with the Court in advance.

Dated this _5th_____ day of ____January_____ 2007.

FLORENCE-MARIE COOPER, Judge
UNITED STATES DISTRICT COURT

6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

)   CR          FMC
)
)
)
)
Plaintiff(s),          )
)
vs.                              )   **EXHIBIT LIST**
)
)
)   *SAMPLE FORMAT*
)
)
Defendant(s).          )
_____ )

| EXH. No. | DESCRIPTION | IDENTIFIED | ADMITTED |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

-1-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Plaintiff(s), | ) CR        FMC<br>)<br>)<br>) **WITNESS LIST**<br>)<br>) |
| vs. | )<br>) *SAMPLE FORMAT*<br>)<br>) |
| Defendant(s). | )<br>)<br>) |

| WITNESSES FOR PLAINTIFF | DATES OF TESTIMONY |
|---|---|
|  |  |
|  |  |
|  | (to be filled in during trial) |
|  |  |
|  |  |
|  |  |
| WITNESSES FOR DEFENDANT |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

-1-